UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARTIN VILLA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:24-CV-00216 |
| | § | |
| NICHOLAS MICHAEL VAUGHN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

In June 2024, Plaintiff Martin Villa filed a complaint raising negligence claims against Defendants EAN Holdings, LLC, and Nicholas Michael Vaughn in Texas state court. (D.E. 1 at 6-10). On September 26, 2024, EAN Holdings removed the case to federal court based on diversity jurisdiction. (D.E. 1 at 1-5). Currently pending are Villa's "Notice of Nonsuit" (D.E. 9) and "Motion to Remand" (D.E. 10). In the notice of nonsuit, Villa seeks to dismiss his claims against EAN Holdings with prejudice. (D.E. 9 at 1). As a result, in his motion to remand, Villa requests that the case be remanded to state court because diversity jurisdiction no longer exists. (D.E. 10 at 1-2). For the reasons discussed further below, it is recommended that both motions (D.E. 9, 10) be **GRANTED**.

### I. Notice of Nonsuit (D.E. 9)

In his notice of nonsuit, which is construed as a motion, Villa seeks to dismiss his claims against EAN Holdings with prejudice. (D.E. 9 at 1). EAN Holdings has not responded to Villa's motion.

"A motion for nonsuit is typically treated the same as a motion for voluntary dismissal and analyzed pursuant to Rule 41(a) of the Federal Rules of Civil Procedure." *Aguilar-Morfin v. United States*, No. 7:12-CR-01317, 2017 WL 2123455, at *1 (S.D. Tex. Mar. 24, 2017). After the defendant has filed an answer, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a). "A request for voluntary dismissal is appropriate where the defendant will not be prejudiced by the dismissal." *Id.* (citing *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976)). A dismissal under Rule 41(a)(2) is typically without prejudice unless the court states otherwise. Fed. R. Civ. P. 41(1)(2).

Here, it is recommended that Villa's motion be granted because EAN Holdings will not be prejudiced by the dismissal. EAN Holdings has not responded to Villa's motion, which is therefore deemed unopposed pursuant to Local Rule 7.4. Moreover, Villa has requested that his claims be dismissed with prejudice despite the general rule that voluntary dismissals are without prejudice. Accordingly, it is recommended that Villa's claims against EAN Holdings be dismissed with prejudice pursuant to Rule 41(a)(2).

**II.   Motion to Remand (D.E. 10)**

In his motion to remand, Villa contends that a remand to state court is appropriate because he has raised only state law claims and both he and the Vaughn, the single remaining defendant, are residents of Texas. (D.E. 10 at 2). Accordingly, he argues that this Court no longer has jurisdiction over the case. (*Id.*). Neither EAN Holdings nor Vaughn has responded to the motion.

After removal, if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Here, it is recommended that the case be remanded to state court because it appears that this Court no longer has diversity jurisdiction. The one complicating factor in this analysis is that Villa's original complaint, which remains the operative pleading in this case, alleges that Vaughn is a resident of Indiana. (D.E. 1 at 6). In his motion to remand, Villa now states that Vaughn is a resident of Texas, but he does not provide any explanation for this change. (D.E. 10 at 2). Nonetheless, it appears that Vaughn has not yet been served in this case and has not appeared, and the Court must rely on Villa's representations regarding Vaughn's residency at this stage. Should Vaughn ultimately be served and appear in state court, he would be able to remove the case again if diversity jurisdiction does exist.

### III. Recommendation

Accordingly, it is recommended that Villa's construed motion for nonsuit (D.E. 9) be **GRANTED** and that his claims against EAN Holdings be **DISMISSED with prejudice**. It is further recommended that his motion to remand (D.E. 10) be **GRANTED** and this case be **REMANDED** to the 105th Judicial District Court of Nueces County, Texas.

Respectfully submitted on November 12, 2024.

_____
Julie K. Hampton
United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).